UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. JOHNSON, JR., | No. 2:22-cv-2220-DAD-CKD P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| SOLANO COUNTY SHERIFF, et al., | |
| Defendants. | |

Plaintiff James L. Johnson, Jr. proceeds in this action pro se.[1] Pending before the Court is plaintiff's motion to reopen case 2:22-cv-02220-DAD-CKD P. (Member Case ECF No. 20.) Defendants have not opposed the motion. For the reasons explained below, the undersigned recommends granting the motion.

**I.  Background**

On July 21, 2023, the Court issued an order reassigning case 2:22-cv-02220 KJM JDP to District Judge Dale A. Drozd and Magistrate Judge Carolyn K. Delaney, and renaming the case 2:22-cv-02220 DAD CKD P. (ECF No. 13.) The order consolidated case 2:22-cv-02220 DAD CKD P with case 2:22-cv-02061 DAD CKD. Case 2:22-cv-02061 DAD CKD is the lead case, and case 2:22-cv-02220 DAD CKD P is the member case. The pleading for the member case is

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

found on the docket for that case, however that case was administratively closed. (ECF No. 13.) On February 13, 2025, member case 2:22-cv-02220 DAD CKD P was reopened.

On December 14, 2022, defendants Hill, Avecilla, Torres, and Solano County Sheriff ("Member Case defendants") removed member case 2:22-cv-02220 to this Court. (Member Case ECF No. 1.) On December 15, 2024, the Member Case defendants filed a motion to dismiss. (Member Case ECF No. 3.) On March 7, 2023, it was recommended that the case be dismissed for failure to prosecute. (Member Case ECF No. 8.) On March 17, 2023, the Court vacated the findings and recommendations, and recommended that the action be dismissed a duplicative of the lead case. (Member Case ECF No. 9.) On July 11, 2023, the assigned District Judge declined to adopt the findings and recommendations (Member Case ECF No. 9) and ordered the parties to file a joint status report about whether the member case should be consolidated with the lead case. (Member Case ECF No. 11.) On July 21, 2023, the cases were consolidated, the member case was administratively closed, and the case was referred back to the undersigned for further proceedings "in particular, for purposes of addressing defendants' pending motion to dismiss in the member case." (ECF No. 13.) A review of the docket showed that no action had been taken regarding the Member Case defendants' motion to dismiss.

On February 13, 2025, plaintiff was given another opportunity to respond to defendants' motion to dismiss in case 2:22-cv-02220-DAD-CKD P, and was warned that failure to respond will be construed as non-opposition to defendants' motion to dismiss and will constitute grounds for dismissal. (ECF No. 31; Member Case ECF No. 15.) The undersigned also recommended dismissing the motion for summary judgment pending in case no. 2:22-cv-02061-DAD-CKD PS for failure to prosecute. (Id.) Plaintiff also did not respond to the motion to dismiss in case 2:22-cv-02220-DAD-CKD P, and the undersigned recommended that plaintiff's case be dismissed for failure to prosecute. (ECF No. 32; Member Case ECF No. 16.) On March 31, 2025, the District Judge adopted the findings and recommendations and dismissed both of plaintiff's cases for failure to prosecute, and case nos. 2:22-cv-02220-DAD-CKD P and 2:22-cv-02061-DAD-CKD PS were closed. (Member Case ECF No. 17; ECF No. 33; see Member Case ECF No. 18; ECF No. 34.)

2

On May 27, 2025, plaintiff filed a motion to reopen case 2:22-cv-02220-DAD-CKD P. (ECF No. 20.) The Court construes this as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60. For the reasons that follow, the Court recommends GRANTING plaintiff's motion to reopen this case.

## II.     Legal Standards

A district court may reconsider a ruling under either Federal Rule of Civil Procedure 60(b). See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263. The legal grounds for setting aside a judgment pursuant to Rule 60(b) include "mistake, inadvertence, surprise, or excusable neglect"; newly discovered evidence, or fraud. Fed. R. Civ. P. 60(b)(1)-(3). A judgment may also be set aside if it is void or has been satisfied, or any reason that justifies relief. Fed. R. Civ. P. 60(b)(4)-(6). A Rule 60(b) motion must be made "with a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment[.]" Fed. R. Civ. P. 60(c)(1).

## III.    Discussion

In plaintiff's motion to reopen his case, plaintiff states in in December 2024 and January 2025, he changed prison facilities and sent defense counsel and the Court his updated address. (ECF No. 20 at 2.) Plaintiff further states that he tried to contact defense counsel but did not receive a response. (Id.) Plaintiff states he updated his address again in April 2025, and that is when he received information from the Court about the status of his case. (See id.)

The Court has reviewed plaintiff's motion and finds that it sufficiently established "mistake, inadvertence, surprise, or excusable neglect" to warrant reopening his case. The Court recommends that plaintiff's case no. 2:22-cv-02220-DAD-CKD-P be reopened. Plaintiff should file an opposition or statement of non-opposition to defendants' motion to dismiss at ECF No. 3 in the Member Case. However, the Court notes that this case was removed to this Court in December 2022, and the motion to dismiss was also filed in December 2022. (Member Case ECF No. 3.) The Court initially recommended dismissing plaintiff's case, in part, for failure to

prosecute on March 7, 2023 (Member Case ECF No. 8) before those findings and recommendations were vacated. Plaintiff is warned that any failure to file an opposition or statement of non-opposition will result in the recommendation that plaintiff's case again be dismissed for failure to prosecute.

## **RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that:

1. Case 2:22-cv-02220 DAD-CKD-P be reopened;

2. Plaintiff shall have thirty (30) days from the date these findings and recommendations are adopted to file an opposition or statement of non-opposition to defendants' motion to dismiss; and

3. Plaintiff is warned that failure to file an opposition or statement of non-opposition will result in a recommendation that this case be dismissed for failure to prosecute.

DISMISSED pursuant to Federal Rule of Civil Procedure 41(b);

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 5, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, john.2220.22