UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. JOHNSON, JR.,

　　　　　Plaintiff,

　　v.

CYNTHIA HILL, et. al.,

　　　　　Defendants.

No.  2:22-cv-02220-DAD-CKD

ORDER

Plaintiff is a county jail inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff's motion to proceed in forma pauperis will be granted.

**I.　　Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

/////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Procedural Posture**

This case was removed to this court from state court on December 22, 2022. ECF No. 1. Eventually it was dismissed for failure to prosecute. ECF No. 17. Plaintiff filed a motion to reopen the case which was granted on February 17, 2026. ECF No. 27. Plaintiff has now filed a motion to proceed in forma pauperis (ECF No. 31), a motion to file an amended complaint (ECF No. 32), a First Amended Complaint (ECF No. 33), and a motion for summary judgment (ECF No. 34). In light of plaintiff's pro se status, his motion to amend the complaint will be granted, but for the following reasons the FAC will be dismissed with leave to amend.

/////

2

### III.    Allegations in the Complaint

The FAC includes virtually no specifics aside from vague references to being placed on a "diet disciplinary action," "being convicted of an incident," and defendant Hill "running around with plaintiff's [property]." ECF No. 33 at 2. Although plaintiff names Solano County, Solano County Sheriffs, Officer Cynthia Hill, Officer Marc Avecilla, and Officer Adrian Torres as defendants, defendant Hill is the only one mentioned by name in the FAC.

### IV.    Legal Standards

#### A.  Linkage

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

#### B.  Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct.").  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

/////

3

### C.  Municipal Policy or Custom

In order to state a claim against a local governmental entity or municipality, a plaintiff must allege that a specific "policy or custom" of the agency was the "moving force" for the challenged constitutional violation in deliberate indifference to plaintiff's rights.  Monell v.  Dept. of Social Services, 436 U.S. 658, 694 (1978).  Furthermore, a local governmental entity may not be liable based on a theory of respondeat superior liability due to the individual actions of its subordinate employees.  Monell, 436 U.S. at 694.

### V.      Analysis

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the first amended complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

/////

## VI.    Leave to Amend

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VII.    Motion for Summary Judgment

Plaintiff has filed a motion for summary judgment. ECF No. 34.  Because there is no operative complaint based on the dismissal of plaintiff's First Amended Complaint, plaintiff's Motion for Summary Judgment will be denied as moot.

## VIII.   Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

Your motion to file an amended complaint is granted, but your first amended complaint does not contain enough information for the Court to understand what you are alleging and is

/////

5

therefore being dismissed.  However, you are being given a chance to file a second amended complaint if you can fix the problems identified in this order.

**IX.    Conclusion**

In accordance with the above, IT IS ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 31) is GRANTED.

2.  Plaintiff's motion to file an amended complaint (ECF No. 32) is GRANTED.

3.  Plaintiff's First Amended Complaint (ECF No. 33) is dismissed;

4.  Defendants' motion to dismiss (ECF No. 3) is DENIED as moot;

5.  Plaintiff's Motion for Summary Judgment (ECF No. 34) is DENIED as moot; and

6. Plaintiff is granted thirty days from the date of service of this order to file a Second Amended Complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  April 7, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Ckd.john.22.2220.screen

6